UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MILWAUKEE HEALTH SERVICES, Inc.,**

    Plaintiff,

    -vs-                                      Case No. 13-C-797

**BUSINESS COMPUTER APPLICATIONS, Inc.,**

    Defendant.

## DECISION AND ORDER

Milwaukee Health Services, Inc. ("MHSI") moves for injunctive relief requiring Business Computer Applications, Inc. ("BCA") to restore connectivity to its medical record software. Previously, the Court denied MHSI's motion for an *ex parte* temporary restraining order, but directed the parties to submit briefs on an abbreviated schedule with regard to the still-pending motion for a preliminary injunction. For the reasons that follow, this motion is also denied.

The entry of a preliminary injunction is a "far-reaching power, never to be indulged except in a case clearly demanding it." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984). To meet the threshold requirements for preliminary injunctive relief, the moving party must demonstrate that "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims;" that "traditional legal remedies would be inadequate;" and that its claim or claims have "some likelihood of succeeding on the merits." *Girl*

*Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). If any one of these threshold requirements are not met, the Court must deny the injunction. *Id.*

The Court's initial, unstated impression of this motion was that MHSI has an adequate remedy at law. MHSI's complaint alleges as follows:

> Despite these repeated requests, good faith efforts to resolve the issue short of litigation and advice from BCA's legal counsel to restore Pearl [electronic medical record] connectivity, BCA has refused to restore Pearl EMR connectivity or provide MHSI the patient records in a readable format on a removable disk *unless MHSI makes a full or substantial payment toward the $285,097.03 it alleges MHSI owes BCA.*

Complaint, ¶ 20 (emphasis added).[1] The parties' subsequent submissions shed more light on this aspect of the case but do not dissuade the Court from its initial impression. As explained by Albert Woodard, BCA's President and CEO, BCA offered to provide a one-year extension to the previous five-year contract at a "commercially-reasonable rate that is commensurate to the historical rate charged by BCA, so that MHS could access the Pearl Software and transition services to its new provider." ECF No. 15, Woodard Declaration, ¶ 50. MHSI obviously does not want to enter into another contract with BCA, nor does it believe that BCA is entitled to past-due amounts under the previous contract, but the bottom line is that MHSI can get access to its patient records if it simply complies with BCA's demands. If those demands are somehow wrongful (MHSI refers to them as "extortion"), MHSI would have an actionable claim

---

[1] These past-due amounts are the subject of a recently-filed lawsuit currently pending in the Northern District of Georgia.

- 2 -

Case 2:13-cv-00797-RTR   Filed 07/31/13   Page 2 of 3   Document 19

for damages—in other words, an adequate legal remedy.

Moreover, it is a general principle of equity that "equitable relief is denied to a plaintiff whose recklessness caused his claimed injury." *TRW Title Ins. Co. v. Sec. Union Title Ins. Co.*, 153 F.3d 822, 829 (7th Cir. 1998). MHSI got itself into this predicament because it tried to transition to another provider, but it couldn't complete the transition before the previous contract with BCA expired. MHSI had five years to plan for this transition, but it waited too long, then tried (and is now trying) to force BCA into a short-term extension to buy more time. The contract has now expired, and BCA is under no duty to comply with MHSI's demands, just as MHSI can refuse BCA's demands, so long as MHSI can live with the consequences.

MHSI's motion to supplement the record [ECF No. 12] is **GRANTED**, but MHSI's motion for a preliminary injunction [ECF No. 3] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2013.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**